[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff herein has filed a motion to modify visitation rights relating to the parties' son Michael James Amendola. Responding to this motion the defendant has filed a motion to dismiss, challenging the subject matter jurisdiction of this court.
The plaintiff, Gloria Amendola, and the defendant, Anthony Amendola, Jr., obtained a dissolution of marriage in Florida for which judgment entered on July 20, 1990. In the dissolution decree, the parties agreed that their only child, Michael James Amendola, would reside with the plaintiff and that the defendant would have "shared parental responsibility rights and liberal access for visitation by Respondent, on reasonable notice."
Shortly before the dissolution judgment entered, the plaintiff and the minor moved to Connecticut, where they have since lived. The defendant continues to reside in Florida.
On May 14, 1991, the plaintiff filed a motion in Connecticut Superior Court seeking modification of the Florida custody and visitation order. The defendant filed an appearance on June 6, 1991, and a motion for contempt.
On July 3, 1991, the defendant moved to dismiss the plaintiff's modification motion, arguing that the Connecticut court lacks subject matter jurisdiction because the Florida courts have continuing jurisdiction over the parties' dissolution and custody decree. The plaintiff opposes the motion to dismiss, and each party has filed a memorandum of law.
The governing law is found in the Connecticut version of the Uniform Child Custody Jurisdiction Act, General Statutes 46b-90, et seq.
 If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (2) the court of CT Page 4908 this state has jurisdiction.
The Superior Court has jurisdiction, inter alia, if Connecticut is the "home state of the child at the time of the commencement of the proceeding." General Statutes 46a-93 (a)(1)(A). "`Home state' means the state in which the child immediately preceding the time involved lived with . . . a parent . . . for at least six consecutive months." General Statutes 46b-92 (5).
Based on the plaintiff's representations, which the defendant does not dispute, the plaintiff and the child lived in Connecticut for almost 11 months prior to filing the motion for modification. It is therefore submitted that Connecticut is the "home state" of the child for jurisdictional purposes.
Nevertheless, the defendant argues that the Florida court, in writing, retained jurisdiction of the parties and subject matter. It is noted, however, that in Perez v. Perez, 212 Conn. 63,561 A.2d 907 (1989), the Supreme Court, faced with an identical argument, concluded that the Puerto Rico court's recital of jurisdiction in the decree did not conclusively establish jurisdiction at the time the modification proceeding commenced.
The defendant also argues that the Florida court affirmatively found it had jurisdiction when it denied the plaintiff's motion to dismiss that she filed in response to a motion for order of contempt. See Defendant's Exhibit D. In its decision, the Florida judge requests the Connecticut court not to exercise jurisdiction over the subject matter.
General Statutes 46b-96 (a) provides that the Superior Court shall not exercise its jurisdiction if a proceeding concerning the custody of the child is pending in another state. The court file evidences that the only arguably pending proceeding is the defendant's motion for order of contempt, which was stayed by the Florida court on May 28, 1991.
Connecticut comes directly within the definition of "home state" regarding Michael James Amendola. It is unclear why the Florida court would assert jurisdiction in this situation. See Agnello v. Becker, 184 Conn. 421, 428, 440 A.2d 172 (1981). In that case it makes the following reference to the Uniform Child Custody Act: "As the commissioner's note to the uniform act makes clear: `In the first place, a court in the child's home state has jurisdiction and secondly if there is no home state or the child and his family have equal or stronger ties with another state, a court in that state had jurisdiction.' (Emphasis added) 9 UAL Uniform Child Custody Act 3 Commissioner's note." The only bases for Florida's assertion of jurisdiction are as the defendant's home state and as the state of the marriage dissolution. It is the CT Page 4909 opinion of this court that the Florida court does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with the UCCJA. See General Statutes 46b-104 (a).
The Connecticut Superior Court has subject matter jurisdiction to modify the visitation judgment and the court therefore denies the defendant's motion to dismiss.
By The Court
CURRAN, J.